TORRINGTON CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND NMB THAI LTD., PELMEC THAI LTD., NMB HI-TECH BEARINGS LTD., AND NMB CORP., DEFENDANT-INTERVENORS

Court No. 96-07-01782

(Dated November 4, 1996)

*Stewart and Stewart (Terence P. Stewart, James R. Cannon, Jr., Geert De Prest and Mara M. Burr)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis);* of counsel: *Stacy J. Ettinger,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*White & Case (William J. Clinton, Walter J. Spak, Christopher F. Corr and Richard G. King)* for defendant-intervenors.

## OPINION

TSOUCALAS, *Senior Judge:* NMB Thai Ltd., Pelmec Thai Ltd., NMB Hi-Tech Bearings Ltd. and NMB Corporation (collectively "NMB"), defendant-intervenors, move this Court pursuant to Rule 59 of the Rules of the Court for rehearing and reconsideration of plaintiff's application for preliminary injunction. NMB requests that the Court vacate the Preliminary Injunction Order dated August 13, 1996 and issue an order denying plaintiff's application.

## BACKGROUND

Plaintiff, The Torrington Company ("Torrington"), brought this action contesting the final results of the fifth administrative review and revocation of the antidumping duty order covering antifriction bearings ("AFBs") imported from Thailand. *See Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof from Thailand; Final Results of Antidumping Duty Administrative Review and Revocation of Antidumping Duty Order ("Final Results"),* 61 Fed. Reg. 33,711 (1996). In the challenged review, the Department of Commerce, International Trade Administration ("Commerce"), found *de minimus* margins for NMB during the period of review ("POR"), May 1, 1993 through April 30, 1994. Therefore, Commerce revoked the antidumping duty order on AFBs imported by NMB from Thailand entered, or withdrawn from warehouse, for consumption on or after May 1, 1994, and terminated the review covering AFBs sold during the period of May 1, 1994 through April 30, 1995. *See Final Results,* 61 Fed. Reg. at 33,714.

Plaintiff commenced this case on July 26, 1996. On August 13, 1996, this Court issued an order granting Torrington's motion for a preliminary injunction restraining the United States Customs Service from liquidating entries of AFBs from Thailand entered after May 1, 1993.

## DISCUSSION

NMB argues that a rehearing is appropriate in this case because the Court failed to issue a statement of findings of fact and conclusions of law supporting its decision to grant the preliminary injunction. NMB's Mem. Supp. Mot. Reh'g at 4 (citing 28 U.S.C. § 2645(a) (1994)). NMB maintains that the absence of such findings "constitutes a 'significant flaw in the conduct of the original proceeding,'" and, therefore, warrants a rehearing. NMB's Mem. Supp. Mot. Reh'g at 4 (quoting *Bousa, Inc. v. United States,* 17 CIT 568 (1993)). NMB also states that Torrington failed to present evidence supporting an injunction as to entries occurring after the POR. Specifically, NMB asserts that Torrington did not demonstrate that it would suffer irreparable harm from the liquidation of post-POR entries. NMB's Mem. Supp. Mot. Reh'g at 4–5. Finally, NMB claims that Torrington failed to support its claim of likelihood of success on the merits and, therefore, asserts that the injunction should be vacated with regards to both POR and post-POR entries. *Id.* at 5.

Torrington submitted an untimely opposition due to a document routing error; however, the Court accepts the filing. Torrington basically contends that there were no irregularities in the prior proceedings that necessitate a rehearing. Pl.'s Opp'n to Mot. Reh'g at 2–3.

Commerce did not file a response to this motion, but filed a partial opposition to Torrington's original motion for preliminary injunction. Commerce consented to an injunction for AFBs entered during the POR (May 1, 1993 through April 30, 1994). However, Commerce objected to Torrington's application for an injunction covering AFBs entered after April 30, 1994. With respect to those entries, Commerce insists that Torrington failed to establish the required elements of irreparable harm and likelihood of success on the merits. Def.'s Partial Opp'n to Mot. Prelim. Inj. at 8–18.

First of all, the Court grants NMB's motion for rehearing as the Court failed to consider NMB's and Commerce's opposition to Torrington's application for a preliminary injunction. Second, the Court agrees with Commerce that the preliminary injunction must be limited to POR entries. For the following reasons, however, the Court rejects NMB's assertion that the Court should vacate the preliminary injunction with respect to POR entries as well.

In order to obtain a preliminary injunction, a moving party carries the burden of establishing the following four factors: (1) that the movant is likely to succeed on the merits; (2) that the movant will suffer irreparable harm if the preliminary injunction is not granted; (3) that the balance of hardships favors the movant; and (4) that the requested relief will not be contrary to the public interest. *FMC Corp. v. United States,* 3

F.3d 424, 427 (Fed. Cir. 1993). The Court will only address the fist two factors since they are the only ones at issue in this case.

In its application for a preliminary injunction, Torrington properly relied on *Zenith Radio Corp. v. United States,* 710 F.2d 806, 810–12 (Fed. Cir. 1983), to support its claim of irreparable injury. In *Zenith,* the Court of Appeals for the Federal Circuit ("CAFC") held that the consequences of liquidating entries covered by the POR constitute irreparable injury. Reliance on *Zenith* is sufficient to demonstrate irreparable harm. *FMC Corp.,* 3 F.3d at 430–31. Therefore, Torrington will suffer irreparable injury if the Court declines to enjoin the liquidation of those entries subject to the administrative review. In *Zenith,* the CAFC acknowledged that "[w]ithout a preliminary injunction, all of the entries *occurring during the review period* will be liquidated immediately, with dumping duties assessed in accordance with the margin set by the review determination." 710 F.2d at 810 (emphasis added). Thus, the decision in *Zenith* provides support for a contention of irreparable injury regarding POR entries only. Torrington failed to establish that it will suffer irreparable harm due to the liquidation of post-POR entries.

Torrington is also required to demonstrate that it is likely to prevail on the merits. The decision in *FMC* makes it clear that showing irreparable harm under *Zenith* does not obviate the need to show some likelihood of success on the merits. In *Floral Trade Council v. United States,* 17 CIT 1022, 1023 (1983), after finding that the plaintiff had established irreparable harm pursuant to *Zenith,* the court stated that even if a party cannot demonstrate that it is likely to succeed on the merits, a "serious question of law is sufficient grounds for a preliminary injunction if irreparable harm is clearly established." In its complaint, Torrington presented eight claims for relief. Several of those claims, most notably the claim regarding Commerce's failure to exclude related party sales not reflecting market prices from the calculation of profit, were addressed by this Court in *Federal-Mogul Corp. v. United States,* 20 CIT 234, 918 F. Supp. 386 (1996). In *Federal-Mogul,* 20 CIT at 277, 918 F. Supp. at 420, the Court remanded the case to Commerce to exclude such related party prices from its calculations. While the Court cannot say whether Torrington is likely to prevail based on the specific facts of this case, Torrington has raised a serious question of law. However, raising a serious question of law is insufficient to justify a preliminary injunction if plaintiff fails to demonstrate irreparable injury. Since Torrington has only shown irreparable injury with respect to POR-entries, the likelihood of success element is only satisfied to the same extent.

CONCLUSION

For the foregoing reasons, the Court concludes that Torrington is entitled to a preliminary injunction with respect to entries occurring between May 1, 1993 and April 30, 1994.